UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SETH MARKLEY,               )
                                      )
         Petitioner,       )
                                      )
        v.                )         CAUSE NO. 3:14-CV-454 WL
                                      )
SUPERINTENDENT,      )
                                      )
        Respondent.    )

OPINION AND ORDER

Seth Markley, a *pro se* prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (MCF 12-09-164) held by the Disciplinary Hearing Body (DHB) at the Miami Correctional Facility on September 9, 2012, where he was found guilty of Attempted Trafficking in violation of A-111/113. Markley objects to not having seen the Internal Affairs file and argues that he was denied the ability to present evidence. However, the confidential file was presented to the DHB and "prison disciplinary boards are entitled to receive, and act on, information that is withheld from the prisoner and the public . . .." *White v. Ind. Parole Bd.*, 266 F.3d 759, 767 (7th Cir. 2001). Nevertheless, Markley argues that there was not sufficient evidence to find him guilty.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted). Here, the Conduct Report says "I, T. Buffum, while monitoring phone calls during an investigation (See attached [CONFIDENTIAL] Report of Investigation of Incident), did hear

offender Seth Markley Conspire to commit the offense of Trafficking with his mother, Rebecca

Markley (former offender DOC# 151121) during the time period of 6/29/12 through 8/6/12. This

is a violation of IDOC Policy." DE 1 at 4. This is some evidence of guilt. It is more than sufficient.

The officer heard Markley talking to his mother about illegally trafficking at the prison. Even if the

calls had never been recorded, what the officer saw (or in this case heard) is evidence.

> In reviewing a decision for some evidence, courts are not required to conduct an
> examination of the entire record, independently assess witness credibility, or weigh
> the evidence, but only determine whether the prison disciplinary board's decision to
> revoke good time credits has some factual basis.

*Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). In this

case, the DHB's decision has some factual basis. Therefore Markley is not entitled to habeas corpus

relief.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to 2254 Habeas

Corpus Rule 4.

SO ORDERED.

ENTERED: March 11, 2014

 s/William C. Lee
William C. Lee, Judge
United States District Court